# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSUE MPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2276-JAR-ADM |
| | ) | |
| HEALTHMATE INTERNATIONAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Plaintiff Josue Mpia filed a complaint against defendants Healthmate International, LLC and Xiang Chen alleging violations of the Fair Labor Standards Act and Kansas Wage Payment Act on June 5, 2019. Mr. Chen, proceeding pro se, filed an answer (ECF No. 5) on behalf of himself and purportedly on behalf of Healthmate. For the reasons discussed below, the court strikes the answer filed by Mr. Chen with respect to Healthmate.

**I.    Mr. Chen cannot represent Healthmate.**

In federal court, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Business entities "can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). In this case, the answer filed by Mr. Chen was submitted on behalf of himself *and* purportedly on behalf of Healthmate—a fact noted by Mr. Mpia, who now asks that defendants' answer be stricken pursuant to Fed. R. Civ. P. 12(f).[1] Mr. Chen is well within his

---

[1] Mr. Mpia argues defendants' answer was submitted by non-attorney Qianhui Gao, Healthmate's Human Resources Manager. But, in point of fact, Ms. Gao executed two declarations that are appendices to the answer. (*See* App'x II (ECF No. 5-2); App'x IV (ECF No. 5-4).) It is Mr. Chen that signed and submitted the answer. (*See* Answer (ECF No. 5), at 2.).

rights to represent himself pro se in his individual capacity. However, he cannot appear on behalf Healthmate or represent that entity in this litigation because he is not an attorney. The court has the inherent power to sua sponte strike pleadings. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981). Because Mr. Chen cannot file a responsive pleading on Healthmate's behalf, the court sua sponte strikes the answer with respect to Healthmate. For the same reason, the court grants Mr. Mpia's motion to strike (ECF No. 6) in part to the extent that the court strikes the answer filed with respect to Healthmate, but not with respect to Mr. Chen in his individual capacity.[2]

The court will give Healthmate until **August 2, 2019**, to retain counsel and file a responsive pleading.

## II.     Order to show cause why the clerk should not enter default against Healthmate.

If Healthmate does not retain counsel and file a responsive pleading, it may be subject to default judgment. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the [defendant's] default." FED. R. CIV. P. 55(a). After the clerk enters default, a plaintiff may move for default judgment against the defendant. FED. R. CIV. P. 55(b)(2). The court therefore further orders that, in the event Healthmate does not retain counsel and file a responsive pleading by the deadline set forth above, Healthmate shall show cause in writing on or before **August 2, 2019**, why the court should not direct the clerk to enter default against Healthmate.

---

[2] The Tenth Circuit has not addressed whether a ruling on a Rule 12(f) motion to strike is dispositive. The District of Colorado has noted that the nature of the motion to strike controls. *See KAABOOWorks Servs., LLC v. Pilsl*, No. 17-CV-02530-CMA-KLM, 2019 WL 1979927, at *1 n.2 (D. Colo. May 3, 2019). "[W]hen the Rule 12(f) motion to strike is not dispositive of any party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion." *Id.* Because the court is allowing Healthmate the opportunity to retain counsel and file a responsive pleading, the undersigned has the authority to rule on Mr. Mpia's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that the answer filed by defendant Xiang Chen is stricken as to defendant Healthmate International, LLC. Healthmate shall have until **August 2, 2019**, to retain counsel and file a responsive pleading.

**IT IS FURTHER ORDERED** that plaintiff Josue Mpia's Motion to Strike Defendants' Answer (ECF No. 6) is granted in part to the extent that the court strikes the answer filed with respect to Healthmate, but not with respect to Mr. Chen in his individual capacity.

**IT IS FURTHER ORDERED** in the event Healthmate does not retain counsel and file a responsive pleading by the deadline set forth above, Healthmate shall show cause in writing on or before **August 2, 2019**, why the court should not direct the clerk to enter default against Healthmate.

**IT IS SO ORDERED.**

Dated July 11, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge