# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSUE MPIA,

 Plaintiff,

v.

HEALTHMATE INTERNATIONAL, LLC, XIANG CHEN, and QIANHUI GAO,

 Defendants.

Case No. 19-CV-02276-JAR

## MEMORANDUM AND ORDER

Plaintiff Josue Mpia brings this case against Defendants Healthmate International, LLC ("Healthmate"), Xiang "Shawn" Chen, and Qianhui "Janie" Gao under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendants failed to pay him overtime wages. Before the Court is the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 106). In their motion, the parties ask this Court to approve the settlement of Plaintiff's FLSA claim as stated in Count I of Plaintiff's Amended Complaint.[1] For the reasons set forth below, the Court grants the parties' motion for settlement approval.

## I. Background

Defendant Healthmate is a wholesale healthcare and medical supply company based in Lenexa, Kansas that sells nerve stimulators for pain relief and muscle stimulators for muscle conditioning. Plaintiff alleges that Defendant Chen, Healthmate's CEO, hired him to work for Healthmate as a videographer, but also required Plaintiff to perform work for Chen, individually, and for other companies Chen owns or manages. Plaintiff filed this action on June 5, 2019,

---

[1] Although Plaintiff's Amended Complaint asserted an additional claim under the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.*, Plaintiff later abandoned that claim. *See* Pretrial Order, Doc. 72 at 6 n.1.

bringing claims against Defendants Healthmate and Chen for failure to pay overtime wages. On October 22, 2019, Plaintiff and Defendants Healthmate and Chen participated in mediation, which was unsuccessful. Plaintiff then filed an Amended Complaint adding Defendant Gao on December 3, 2019, alleging that she was responsible for Healthmate's human resource functions and payroll.

The parties engaged in written discovery and subpoenaed third-party documents, and all parties were deposed. Trial was originally scheduled for January 5, 2021 but was twice postponed due to the COVID-19 pandemic. Most recently, trial was scheduled to begin on May 18, 2021, and the parties timely submitted pretrial exhibit and witness disclosures, deposition designations, proposed jury instructions, proposed voir dire questions, and motions in limine. During a pretrial status conference on May 6, 2021, the parties agreed to reschedule the trial setting to participate in a settlement conference before United States Magistrate Judge James P. O'Hara. At that conference on May 18, 2021, the parties reached an agreement to settle this case. The parties have provided the Court with a copy of their executed Release and Settlement Agreement ("Settlement Agreement"),[2] and jointly request that the Court approve the settlement of Plaintiff's FLSA claim, as required under the Act.

## II. Discussion

A settlement of claims brought under the FLSA must be presented to the court for review and a determination of whether the it is fair and reasonable.[3] In order to approve such a

---

[2] Doc. 106-1.

[3] *See Geist v. Handke*, No. 2:17-02317-HLT, 2018 WL 6204592, at *1 (D. Kan. Nov. 28, 2018) (first citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); and then citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The requirement of court approval of FLSA settlements has recently been called into question by some courts. *See, e.g.*, *Riley v. D. Loves Rests., LLC*, No. 20-1085 WJ/KK, 2021 WL 1310973, at *1−4 (D.N.M. Apr. 8, 2021) (concluding that court need not approve private settlement of bona fide dispute regarding FLSA liability); *Lawson v. Procare CRS, Inc.*, No. 19-00248-TCK-JFJ, 2019 WL 112781, at *2−3 (N.D. Okla. Jan. 4, 2019) (same); *Fails v. Pathway Leasing LLC*, No. 18-00308-CMA-MJW, 2018 WL 6046428, at *2−4 (D. Colo. Nov. 19, 2018) (same). While this issue has not been

settlement, "the district court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees."[4]

### A. Bona Fide Dispute

Parties requesting court approval of an FLSA settlement must "provide the court with sufficient information to determine whether a bona fide dispute exists."[5] As relevant here, the parties should provide information regarding the nature of the dispute, the employer's business and the type of work performed by its employees, the employer's reasons for disputing the plaintiff's right to overtime pay, the employee's justification for such pay, and each party's estimate of the number of hours worked and the applicable wage.[6] The parties have provided the foregoing information, and the Court finds that this action involves a bona fide dispute.

While the parties agree that Plaintiff was an hourly employee of Healthmate and that his rate of pay was $16 per hour, much else remains in dispute, including: (1) the number of weekly hours Plaintiff worked, including the accuracy of Healthmate's timekeeping records and the reasonableness of Plaintiff's estimate of hours worked; (2) whether some of Plaintiff's hours worked were for another employer; (3) whether Healthmate had a policy prohibiting overtime work without prior written supervisor approval; (4) whether Plaintiff notified Defendants of their

---

settled by the Tenth Circuit, "there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court." *Slaughter v. Sykes Enters., Inc.*, No. 17-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) (citing *Thompson v. Qwest Corp.*, No. 17-1745-WJM-KMT, 2018 WL 2183988, at *2 (D. Colo. May 11, 2018)). The parties here request court approval and neither suggests that it is not required, and the Court therefore applies the standard used by courts in this district to scrutinize FLSA settlements.

[4] *Geist*, 2018 WL 6204592, at *1 (first citing *McCaffrey*, 2011 WL 32436, at *2; and then citing *Lynn's Food Stores*, 679 F.2d at 1354); *see* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

[5] *Valdez v. S.E. Kan. Indep. Living Res. Ctr., Inc.*, No. 10-1194-KHV/DJW, 2011 WL 1231159, at *1 (D. Kan . Mar. 9, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

[6] *Id.* (citing *McCaffrey*, 2011 WL 32436, at *2); *see also McMilliam v. BP Serv., LLC*, No. No. 19-2665-DDC-TJJ , 2020 WL 969870, at *2 (D. Kan. Feb. 28, 2020) (citation omitted).

failure to pay overtime; (5) whether Defendants knew or should have known that Plaintiff worked more than forty hours in a work week; (6) whether Defendants Chen and Gao are individually liable under the FLSA due to their roles at Healthmate; and (7) the computation of wages owed and whether Plaintiff is entitled to liquidated damages.

Plaintiff asserts that from June to November 2018, he worked nearly 80 hours per week, but that Defendants did not compensate him for his actual hours worked or for overtime. Plaintiff contends that he is entitled to $24 per hour of overtime worked, amounting to $20,028 in overtime plus liquidated damages in the same amount, for a total of $40,056.00. Although Defendants agree that Plaintiff is owed some amount of overtime, they dispute the amount. Defendants claim that separate and apart from Healthmate, Defendant Chen and Plaintiff formed a partnership whereby they split the profits on videos that Plaintiff was to create for Chen's personal business, Erisonic. Defendants contend that many of the hours Plaintiff worked were on behalf of Erisonic pursuant to the commission deal, and that Plaintiff is only entitled to $1,500 in unpaid overtime compensation for his work for Healthmate. Under the Settlement Agreement, Plaintiff will receive a compromise amount of $10,301.38.[7] The Court finds that the foregoing issues present a bona fide dispute.

## B. Fair and Reasonable

"To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA."[8] Courts may look to the framework for evaluating class action fairness as instructive when evaluating whether an FLSA settlement is

---

[7] Doc. 106-1 at 2.

[8] *Valdez*, 2011 WL 1231159, at *2 (citation omitted).

fair and reasonable,[9] including the following factors:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.[10]

Additionally, a court must consider the following factors to determine whether the proposed settlement would undermine the FLSA's purpose of protecting employees from employers with superior bargaining power: "(1) [the] presence of other employees similarly situated to plaintiffs; (2) a likelihood that plaintiffs' circumstances will recur and (3) a history of FLSA non-compliance by defendant or other in defendant's industry."[11]

After review of the record and the parties' Settlement Agreement, the Court finds that the proposed settlement is fair and reasonable. This case involves serious questions of fact and law, which make the outcome of continued litigation uncertain, and the settlement was honestly and fairly negotiated at arms' length during a settlement conference before Judge O'Hara on the brink of trial. The Court finds that the value of Plaintiff's immediate recovery outweighs the mere possibility of future relief after a costly trial, and all parties agree that the settlement is fair and reasonable. Further, the settlement will not undermine the purpose FLSA. The record in this case does not reflect that there are other employees similarly situated to Plaintiff, that the circumstances of this case will recur, or that Defendants have a history of violating the statute. "[T]he fact that this action is not an FLSA collective action indicates that defendants' alleged

---

[9] *Id.* (citing *McCaffrey*, 2011 WL 32436, at *2).

[10] *Id.*

[11] *Id.* at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

underpayment of wages was not part of a widespread course of conduct, but involved isolated incidents."[12]

C. **Attorneys' Fees**

Finally, "[t]he FLSA . . . requires that a settlement agreement include an award of 'a reasonable attorney's fee . . . and costs of the action.'"[13] "Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory."[14] When inquiring into the reasonableness of the fee, the Court must consider "whether plaintiffs' counsel are adequately compensated and ensure that a conflict of interest does not taint the amount plaintiffs receive under the agreement."[15]

Under the Settlement Agreement, Plaintiff's counsel are to receive $14,698.63 in attorneys' fees and expenses. In their motion, the parties support that the factors announced in *Johnson v. Georgia Highway Express, Inc.*,[16] which are often applied to fee requests on federal claims, are met here. Additionally, applying a lodestar cross-check (the number of hours reasonably expended multiplied by a reasonable hourly rate),[17] the parties demonstrate that Plaintiff's counsel are to receive only 12.5% of their accrued lodestar and out-of-pocket costs. For substantially the same reasons set forth in the parties' joint motion, which is supported by billing records,[18] the Court finds that $14,698.63 is reasonable.

---

[12] *Id.*

[13] *Fulton v. TLC Lawn Care, Inc.*, No. 10-2645-KHV, 2012 WL 1788140, at * (D. Kan. May 17, 2012) (second ellipses in original) (first citing 29 U.S.C. § 216(b); and then citing *Gambrell v. Weber Carpet, Inc.*, No. 10–2131–KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012)).

[14] *Id.* (citing *Gambrell*, 2012 WL 162403, at *3).

[15] *Valdez*, 2011 WL 1231159, at *3 (citing *Dees*, 706 F. Supp. 2d at 1243).

[16] 488 F.2d 714 (5th Cir. 1974).

[17] *See, e.g.*, *McMilliam v. BP Serv., LLC*, No. 19-2665-DDC-TJJ, 2020 WL 969870, at *3 (D. Kan. Feb. 28, 2020) (explaining lodestar calculation).

[18] Docs. 106-2, 106-3.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement (Doc. 106) is **granted**. The parties shall submit a joint stipulation of dismissal of this case.

**IT IS SO ORDERED.**

Dated: July 6, 2021

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE